_____



SO ORDERED,

*Edward Ellington*

**Judge Edward Ellington**
**United States Bankruptcy Judge**
**Date Signed: October 29, 2015**

The Order of the Court is set forth below. The docket reflects the date entered.
_____

### IN THE UNITED STATES BANKRUPTCY COURT FOR THE
### NORTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| **IN RE:** | **CHAPTER 7** |
| **GUY ARNOLD LEONARD** | **CASE NO. 1510144EE** |
| | |
| **GUY ARNOLD LEONARD** | |
| | |
| **VS.** | **ADVERSARY NO. 1501039EE** |
| | |
| **WELLS FARGO HOME MORTGAGE COMPANY** | |

Mr. Guy Arnold Leonard                                                                                          Debtor, *pro se*
P. O. Box 146
Nexbit, MS  38651

Hon. Sheryl Bey                                    Attorneys for Wells Fargo Home Mortgage Company
sbey@bakerdonelson.com
Hon. Michael V. Bernier
mbernier@bakerdonelson.com
4268 I-55 North
Meadowbrook Office Park
Jackson, MS  39211

Edward Ellington, Judge

### OPINION ON *MOTION TO*
### *DISMISS ADVERSARY COMPLAINT*

**THIS MATTER** came before the Court on Thursday, October 22, 2015, at 1:30 P.M. on the oral arguments on the *Motion to Dismiss Adversary Complaint* (Adv. Dkt. #6) filed by Wells Fargo Home Mortgage Company. Having considered same, the Court finds that the *Motion to Dismiss Adversary Complaint* (Adv. Dkt. #6) is well-taken and should be granted.

## FINDINGS OF FACT[1]

Guy Arnold Leonard owns a home in Nesbit, Mississippi. Wells Fargo Home Mortgage Company (Wells Fargo) has a mortgage on this property.

On January 15, 2015, Guy Arnold Leonard (Debtor) filed a *pro se* petition for relief under Chapter 7 of the United States Bankruptcy Code. On April 8, 2015, the Debtor initiated the above-styled adversary proceeding, again *pro se,* when he filed his *Request for Motion and Hearing for Adversary Proceeding Against Defendant, Wells Fargo Home Mortgage Company* (Adv. Dkt. #1) (Complaint). On May 11, 2015, Wells Fargo filed its *Motion to Dismiss Adversary Complaint* (Adv. Dkt. #6) (Motion) and corresponding *Memorandum in Support of Motion to Dismiss Adversary Complaint* (Adv. Dkt. #7).

In a prior bankruptcy case, the Debtor filed a similar adversary proceeding against Wells Fargo, Case No. 13-13078NPO (2103 Case and 2013 Adversary). In the 2013 Adversary, the Debtor addressed what appears to be some of the same issues he alleges in the current adversary proceeding. Wells Fargo filed a motion to dismiss the 2013 Adversary, and the court eventually

---

[1] These proposed findings of fact and conclusions of law constitute the Court's findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052. To the extent any of the following findings of fact are determined to be conclusions of law, they are adopted, and shall be construed and deemed, conclusions of law. To the extent any of the following conclusions of law are determined to be findings of fact, they are adopted, and shall be construed and deemed, as findings of fact.

granted the motion to dismiss. The 2013 Case was also ultimately dismissed.

In the current Complaint, the Debtor is asserting claims against Wells Fargo: (1) related to a forbearance agreement he states that he entered into with Wells Fargo at one of its branches in Southaven, Mississippi; (2) related to reports made to credit bureaus by Wells Fargo; (3) related to the First and Fourth Amendments to the United States Constitution; and (4) related to debt collection actions by Wells Fargo. All of these claims appear to have come out of events which happened in the summer of 2013.

In its Motion, Wells Fargo asserts that any claims or causes of action the Debtor may have against Wells Fargo became property of his bankruptcy estate when he filed the above-styled case. Consequently, Wells Fargo alleges these claims and/or causes of action belong to the Chapter 7 Trustee on behalf of the Debtor's bankruptcy estate and that the Debtor lacks standing to assert these claims. Therefore, the adversary should be dismissed.

The Court set the Motion for oral argument on Thursday, October 22, 2015, at 1:30 P.M. The Debtor and the attorneys for Wells Fargo appeared at the hearing. Both sides presented their oral arguments for and against the Motion. At the conclusion of the hearing, the Court took the matter under advisement.

## CONCLUSIONS OF LAW

### I. Jurisdiction

This Court has jurisdiction of the subject matter and of the parties to this proceeding pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157. This is a core proceeding as defined in 28 U.S.C. § 157(b)(1) and (2)(O).

## II. Discussion

Once a bankruptcy petition is filed, an estate is created pursuant to 11 U.S.C. § 541.[2] "'The case is commenced, and the estate created, when the bankruptcy petition is filed.' *Burgess v. Sikes (In re Burgess),* 438 F.3d 493, 496 (5th Cir. 2006) (*en banc*)." *Reed v. City of Arlington*, 650 F.3d 571, 575 (5th Cir. 2011). Section 541 provides in pertinent part:

> § 541. Property of the Estate.
>
> (a) The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:
>
> > (1) Except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case.

11 U.S.C.A. § 541(a)(1).

"Section 541 of the Bankruptcy Code provides that virtually all of a debtor's assets, including causes of action belonging to the debtor at the commencement of the bankruptcy case, vest in the bankruptcy estate upon the filing of a bankruptcy petition." *Kane v. Nat'l Union Fire Ins. Co.*, 535 F.3d 380, 385 (5th Cir. 2008). As further explained by the Court of Appeals for the Fifth Circuit in *Kane:*

> Thus, a trustee, as the representative of the bankruptcy estate, is the real party in interest, and is the only party with standing to prosecute causes of action belonging to the estate once the bankruptcy petition has been filed. 11 U.S.C. §§ 323, 541(a)(1). "Once an asset becomes part of the bankruptcy estate, all rights held by the debtor in the asset are extinguished unless the asset is abandoned" by the trustee to the

---

[2]Hereinafter, all code sections refer to the Bankruptcy Code found at Title 11 of the United States Code unless specifically noted otherwise.

debtor pursuant to § 554.[3]

*Id.* (citation omitted). Further, § 704(a)(1) requires the trustee to ''collect and reduce to money the property of the estate for which such trustee serves.'' 11 U.S.C. § 704(a)(1).

Since the Debtor's Complaint involves matters he alleges to have happened in the summer of 2013, these causes of action and/or claims arose pre-petition. Once the Debtor filed bankruptcy in January of 2015, these causes of action and/or claims became property of his bankruptcy estate. Thereafter, the bankruptcy trustee "is the only party with standing to prosecute causes of action belonging to the estate . . . [and] 'all rights held by the debtor in the asset are extinguished unless the asset is abandoned' by the trustee to the debtor pursuant to § 554." *Kane*, 535 F.3d at 385.

In the case at bar, Alex B. Gates (Gates) was appointed the Chapter 7 Trustee in the Debtor's case. The pre-petition causes of action and/or claims asserted by the Debtor in his Complaint passed to Gates to pursue on behalf of the Debtor's bankruptcy estate. Since Gates has not elected to intervene in the adversary proceeding as the proper party in interest[4] or to abandon the causes of action and/or claims to the Debtor, the Debtor does not have standing to prosecute the adversary proceeding. Consequently, the Court finds that the above-styled adversary proceeding should be dismissed with prejudice.

## CONCLUSION

Once a bankruptcy petition is filed, an estate is created pursuant to § 541. Any pre-petition

---

[3]Property may also be exempted from the bankruptcy estate notwithstanding § 541, *see* § 522(b), but the exemption provisions are not at issue in this case.

[4]Pursuant to Federal Rule of Civil Procedure 17(a), made applicable to bankruptcy proceedings pursuant to Federal Rule of Bankruptcy Procedure 7017, "an action must be prosecuted in the name of the real party in interest." Fed. R. C. Pro. 17(a).

causes of action and/or claims then pass to the Chapter 7 trustee to prosecute on behalf of the bankruptcy estate.

The causes of action and/or claims contained in the Debtor's Complaint occurred almost two years before he filed bankruptcy. Therefore, when the Debtor filed bankruptcy, the causes of action and/or claims became property of his bankruptcy estate and all rights of the Debtor in these causes of action/claims were extinguished. For these reasons, the Debtor lacks standing to pursue the adversary proceeding. Consequently, the Motion should be granted and the adversary proceeding dismissed with prejudice.

##END OF OPINION##